SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 07-7121 (VBF)**                                          Dated: **July 9, 2008**
           CR 05-00948-VBF

Title:     Lorenzo Clay II -v- United States

PRESENT:   HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

           Rita Sanchez                                 None Present
           Courtroom Deputy                             Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR
                                       DEFENDANTS:

           None Present                                 None Present

**PROCEEDINGS (IN CHAMBERS):   COURT ORDER RE: PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT HIS SENTENCE [fld 10/31/07]**

    Lorenzo Clay II was convicted pursuant to a plea agreement to one count of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). The Petitioner has filed a motion under 28 U.S.C. section 2255 to Vacate, Set Aside, or Correct his Sentence by a Person in Federal Custody. The petitioner argues the sentencing court erred, based on two grounds: (1) the District Court incorrectly applied an enhancement to Petitioner's sentence for a state court conviction in violation of 18 U.S.C. §§ 851 and 994; and (2) the District Court allegedly failed to consider the "unconstitutional application of the ratio applied to Crack Cocaine offenders.

MINUTES FORM 90                                         Initials of Deputy Clerk   rs
CIVIL - GEN

The Petitioner's Motion is Dismissed with Prejudice. The Petitioner failed to raise these issues before the district court and the court of appeals on direct review, and therefore must therefore demonstrate cause and prejudice or actual innocence. The Petitioner does not argue actual innocence, and cannot demonstrate cause. First, arguments regarding the disparity between crack and powder cocaine sentences were not so novel at the time of the Petitioner's sentencing or appeal so as to make them unavailable. Second, a state-court conviction can clearly be used as an enhancement for Petitioner's federal sentence.

**ANALYSIS**

It is undisputed the petitioner did not appeal his sentence. (Opp. Ex. 1 at 4). Therefore, the Petitioner must demonstrate either cause and prejudice or actual innocence. Federal Procedure Lawyers Edition § 41:490 (2007). The Petitioner does not argue he is actually innocent.

"The cause prong of the cause and prejudice test can be satisfied by showing that some objective factor external to the defense impeded counsel's efforts to raise the claim . . . and that such factor was not fairly attributable to the petitioner's own conduct." *Id.* § 41:492. Cause in this context can be shown if the factual or legal argument was "so novel" that it was not available at the time. *Reed v. Ross*, 468 U.S. 1, 16 (1984). However, it is not enough to show the argument would have been futile under existing law. *See Bousley v. United States*, 523 U.S. 614, 623 (1998). Indeed, the "question is not whether subsequent legal developments have made counsel's task easier, but whether at the time of the default the claim was 'available at all.'" *McNally v. United States*, 483 U.S. 350 (1987).

The petitioner's judgment was final on October 4, 2006. An argument regarding the disparity in sentences between crack and powder cocaine was clearly available by October 4, 2006. *See, e.g., United States v. Jacques,* 170 Fed. Appx. 476 (2006).[1] Therefore, the

---

[1] The government does not squarely address the issue, but rather states the Petitioner's arguments are without merit, and that the Petitioner only refers to "no actual authority - only grants of Supreme Court Certiori and recommendations by the U.S.

Petitioner has not demonstrated cause. *See Smith v. Murray*, 477 U.S. at 536 (stating novelty doesn't exist when "various forms of the claim . . . had been percolating in the lower courts for years.").

Similarly, the Petitioner's first argument, that the use of a state-law conviction as an enhancement is improper, is clearly without merit. *See United States v. Van Doren*, 182 F.3d 1077, 1083 (1999) (holding previous California conviction, even if a part of the same conspiracy, can be used to enhance sentence under current guilty plea).

The Petitioner's Motion is therefore Dismissed with Prejudice.

---

Sentencing Commission - which cannot support a finding of cause." (Opp at 5, 5 n.6). Of course, *Kimbrough v. United States*, 128 S. Ct. 558 (2007) does not state, as the Petitioner appears to argue, that the disparity in sentences is itself unconstitutional or that it would be error for a district court to sentence within the guidelines. *Kimbrough* simply states a district court should consider all of the 3553(a) factors - including the need to avoid unwanted sentencing disparities - when deciding upon a sentence. *Id.* at 574.

MINUTES FORM 90  Initials of Deputy Clerk __rs__
CIVIL - GEN